**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 26-99-DLB**

**LUIS ALBERTO HERNANDEZ GUTIERREZ**                                 **PETITIONER**

v.                             **MEMORANDUM OPINION AND ORDER**

**KRISTI NOEM, et al.**                                                          **RESPONDENTS**

* * * * * * * * * *

## I.    INTRODUCTION

This matter is before the Court on Petitioner Luis Alberto Hernandez Gutierrez's Petition for Writ of Habeas Corpus (Doc. # 1).  Respondents[1] having filed their Responses (Docs. # 5 and 6), and Petitioner having filed his Reply (Doc. # 7), this matter is now ripe for review.  For the following reasons, the Court will **deny** the Petition.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Luis Alberto Hernandez Guiterrez is a native and citizen of Mexico. (Doc. # 1 at 2).  He entered the United States without inspection in 1999.  (*Id*.).  Prior to his detention, Petitioner lived in Kokomo, Indiana where he operated a Mexican restaurant with his wife.  (*Id*.).

---

[1]    Petitioner files this action against Kristi Noem, former Secretary, U.S. Department of Homeland Security ("DHS"); Todd M. Lyons, Acting Director, U.S. Immigration and Customs Enforcement ("ICE"); Samuel Olson, Chicago Field Office, ICE; and Pamela Bondi, former U.S. Attorney General ("Federal Respondents"); as well as Jason Maydak, Jailer, Boone County Jail. (Doc. # 1 at 1).

1

In January of 2021, Petitioner was issued a Notice to Appear ("NTA") and detained by ICE. (Doc. # 1 at 2; *see also* Doc. # 6-1 at 2). On January 26, 2021, Immigration Judge ("IJ") Joshua Luskin ordered Petitioner released from custody under a $5,000 bond pursuant to 8 C.F.R. § 236.1(c). (*Id.*; *see also* Doc. # 1-2 at 7). At the time Petitioner was released, he had one misdemeanor conviction for Disorderly Conduct in violation of Indiana Code ("I.C.") 35-45-1-3(a)(1) and had pending charges for Operating a Vehicle while Intoxicated Endangering a Person in violation of I.C. 9-30-5-2(a) & (b) and Knowingly or Intentionally Operating a Motor Vehicle Without Ever Receiving a License in violation of I.C. 9-24-18-1. (Doc. # 1 at 2). Petitioner was found guilty of those two charges on January 7, 2022. (*Id.*).

Four years later, on February 3, 2026, Petitioner was arrested and charged with Operating a Vehicle while Intoxicated in violation of I.C. 9-30-5-2(a) & (b), Operating a Vehicle with an ACE of .08 or More in violation of I.C. 9-30-5-1(a), and Driving While Suspended in violation of I.C. 9-24-19-2. (*Id.*; *see also* Doc. # 1-2 at 8). On February 5, 2026, Petitioner was served with an I-200 Warrant for Arrest of Alien. (Doc. # 6-2). That same day, ICE cancelled and refunded Petitioner's $5,000 bond he had posted back in 2021. (Doc. # 6-3 at 2). Five days later, on February 10, 2026, Petitioner was taken into ICE custody and transferred to Boone County, Kentucky. (Doc. # 1 at 2). On February 11, 2026, the Howard, Indiana Superior Court issued a warrant for Petitioner to be held without bond for failure to appear for his initial hearing, which was scheduled for February 10, 2026. (Doc. # 1-2 at 10). Petitioner's criminal charges and warrant remain active and pending against him.

On February 27, 2026, Hernandez Guiterrez filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1).  On May 12, 2026 this Court issued a show cause order directing Respondents to file a supplemental brief addressing whether Petitioner's bond was properly revoked.  (Doc. # 9 at 4).  Simultaneously, Respondents filed a Notice of Imminent Removal, stating that "within the next few days Petitioner will be transported out of this jurisdiction in preparation for removal, and then he will be removed."  (Doc. # 8 at 1).  Respondents attached an order from Immigration Judge ("IJ") Ryan Thompson, dated April 29, 2026, which ordered Petitioner to be removed to Mexico.  (Doc. # 8-1 at 1).  The order indicates that Petitioner waived his right to appeal, meaning this became a final order of removal on April 29, 2026.  (*Id*. at 2).  In the Notice, Respondents argued that because this order is final and executable, this Court is without jurisdiction to prevent the execution of Petitioner's removal order.  (Doc. # 8 at 1).  Out of an abundance of caution, on May 18, 2026, Respondents filed their Response to the Court's May 12, 2026 Show Cause Order.  (Doc. # 10).  In it, Respondents reiterate that the "habeas petition is effectively moot" because Petitioner is now being mandatorily detained under 8 U.S.C. § 1231(a).  (Doc. # 10 at 1).  Respondents additionally argue that this Court lacks jurisdiction to prevent the execution of Petitioner's final removal order.  (*Id*. at 2).  Petitioner filed a Reply to Respondents Response arguing that his "detention is unlawful, and immediate habeas relief is required."  (Doc. # 11 at 3).  Petitioner did not address Respondents' argument that he is being mandatorily detained pursuant to § 1231(a).

### III. ANALYSIS

Here, Petitioner is subject to a final order of removal.  *See* 8 C.F.R. 1241.1(b) ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final . . . [u]pon waiver of appeal by the respondent."). Because Petitioner is subject to a final order of removal, his present detention is governed by 8 U.S.C. § 1231.  *See Zadvydas v. Davis*, 533 U.S. 678, 682 (2001) (noting that § 1231 applies after the entry of a final order of removal); *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022) ("The section at issue here, 8 U.S.C. § 1231(a), governs the detention, release, and removal of individuals 'ordered removed.'"); *Martinez v. Larose*, 968 F.3d 555, 560 (6th Cir. 2020) (observing that § 1231(a) applies to aliens who "ha[ve] already been adjudged to be removable.") (citation omitted).

Pursuant to § 1231, once an alien has been ordered removed, "DHS must physically remove him from the United States within a 90-day 'removal period.'" *Johnson v. Guzman Chavez*, 594 U.S. 532, 528 (2021) (citing 8 U.S.C. § 1231(a)(1)(A)).  During this period, detention is mandatory.  8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General *shall* detain the alien.") (emphasis added); *see also Zadvydas*, 533 U.S. at 683 ("After entry of a final removal order and during the 90-day removal period, however, aliens must be held in custody. (citing § 1231(a)(2))).  In the event DHS does not remove the noncitizen within the ninety-day period, the Supreme Court in *Zadvydas* determined that DHS may continue to detain the noncitizen but only for a period "reasonably necessary to bring about that alien's removal from the United States."  *Id*. at 689.  The Supreme Court concluded that six months is a period that is reasonably necessary to bring about the alien's removal.  *Id*. at 701.  Once the six-month period has

passed and "the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Here, Petitioner's final order of removal was issued on April 29, 2026. (*See* Doc. # 8-1). Therefore, as of the date of this Order, Petitioner has been detained pursuant to his final order of removal for thirty-four days. Meaning that pursuant to § 1231(a)(1)(A), DHS has fifty-six more days to remove him. Moreover, pursuant to *Zadvydas*, even if the ninety days had passed, Petitioner's detention would still be presumptively reasonable for up to six months. Respondents contend that Petitioner's removal is "imminent" and that "ICE plans to remove him from the United States within just days." (Doc. # 10 at 2).

Because Petitioner is subject to a final order of removal, he must be detained pursuant to § 1231(a)(2). This Court cannot circumvent that requirement. Nor does it have jurisdiction to review the final order of removal. See 8 U.S.C. § 1252(g) ("[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General[.]"). Accordingly, for the reasons stated herein,

**IT IS ORDERED** that Hernandez Guiterrez's Petition (Doc. # 1) is **DENIED**.

**IT IS FURTHER ORDERED** this matter is hereby **DISMISSED** and **STRICKEN** from the Court's active docket.

This 2nd day of June, 2026.



Signed By:

David L. Bunning

Chief United States District Judge